HON. RICHARD C. SOUTHARD Corporation Counsel, Lockport
This is in response to your letter wherein you ask for an opinion of the Attorney General whether or not a conflict of interest exists where the City Assessor of the City of Lockport, who had been involved in the real estate business in the City of Lockport for many years, ceases to continue in the real estate business and divests himself of certain holdings. You have enclosed a letter of the Board of Ethics, appointed pursuant to General Municipal Law, § 808, dated February 23, 1976, addressed to the Mayor and members of the Common Council, which reveals that the Board has interviewed the Assessor and investigated the appointment of the Assessor, who in writing agreed to the following:
 "1. Discontinue said real estate business under the name of `Frank R. Danna Realtor' and to file a certificate of such discontinuance in the county clerk's office to be effective during his employment by the city in assessment work;
 "2. Set up a `declaration of trust' with Attorney Harry O. Fuller as trustee for not more than three years during which Fuller will exclusively manage without any `input on the part of' Danna the latter's one half interest in `Dom-Tex, Ltd.', a corporation whose only asset is the Lockview Plaza building, now involved in a mortgage foreclosure, and in any event Danna will divest himself of such interest within three years;
 "3. Set up another such trust agreement for the same term with Mr. Fuller for the management of the Farmers Mechanics Bank Building which is the sole assert of `Frank R. Danna Realty, Inc.', a corporation owned solely by Danna. This, too, will be sold within three years and possibly within the next few weeks;
 "4. Divest himself of his partial ownership (with William E. Smith and Margaret A. Ryan) of the property commonly known as 415 South Transit Street `within one year from the date of — (his) appointment';
 "5. Divest himself of his respective interests in four other parcels of real estate now being sold under contracts all of which were entered into before May, 1971 and will do so `within two years of the date I foreclose or repossess'. In all of them the title will remain in Danna and the other sellers until the payments are completed but the buyers must pay all taxes and assessments. These parcels are:
 "(a) 17 Carlton Place, being purchased on lease option agreement by Albert D. and Joan A. Bower from Danna and his wife, Margaret with payments to continue for four and one half more years;
 "(b) 130 Juniper Street which is being sold on a land contract by Danna and his wife to John J. and Sharon A. Morello with payments to continue for eleven and one half more years;
 "(c) 46 Hyde Park which is being sold on a land contract by Danna and the Kemmcon Corporation of which said Harry Fuller is a principal to Oran S. Alexander, Jr. and Frances A. Alexander, his wife with payments to continue for twelve and one half more years; and
 "(d) 15 Crosby Avenue, also being sold on a land contract by Danna and his wife to Emmette D. and Alice J. Knee with payments for nine and one half more years."
We find no statutory authority whereby the City Assessor of the City of Lockport is proscribed from engaging as a real estate broker or having interest in real property within the City during his tenure of office, nor do we find a common law conflict of interest prohibiting the City Assessor of the City of Lockport from engaging as a real estate broker or having interest in real property within the City during his tenure of office, per se. However, a common law conflict of interest would arise in each instance where the City Assessor of the City of Lockport would assess his own property or would act on the assessment of a parcel of property and later participate as a borker in its sale thereby creating a potential to realize a pecuniary benefit by acting in such dual capacities. In the situation presented here, no such conflict of interest could readily arise. The City Assessor of the City of Lockport, who had been involved in the real estate business in the City of Lockport for many years, ceased to continue in the real estate business and has, in fact, divested himself of certain real property holdings. By divesting himself of title and/or control to the above-enumerated parcels of real property, the City Assessor of the City of Lockport has adequately removed himself from a position of conflict which might arise while acting in his official capacity. If after taking all the necessary precautions to avoid a conflict of interest and a conflict, nevertheless, was about to arise, the City Assessor should make a full disclosure in writing similar to that as required under provisions of General Municipal Law, § 803
(1).
We conclude that the Assessor of the City of Lockport, who had been engaged in the real estate business in the City of Lockport for many years but who has discontinued said real estate business and divested himself of title or control to properties within said City, may perform the duties of City Assessor under such circumstances without creating a conflict of interest; but, despite the precautions taken, if a conflict arose he should make a full disclosure in writing similar to that as required under provisions of General Municipal Law, § 803 (1).